The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner D. Bernard Alston. The parties in this matter waived oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; or amend the Opinion and Award except for the addition of Finding of Fact (17) and the minor addition to Conclusion of Law (2).
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant at the relevant time.
3. The Form 21 Agreement dated 8 March 1990 and approved 10 April 1990, is part of the record in this matter.
4. The Opinion and Award by former Deputy Commissioner John Charles Rush filed on 30 October 1992 is part of the record in this matter.
5. Defendant-employer is a department or agency of the State of North Carolina and as such is self-insured.
6. Plaintiff sustained an injury by accident arising out of and in the course and scope of her employment with defendant.
7. Defendant paid temporary total disability compensation for plaintiff from 3 February 1990 through 20 August 1991 resulting in an overpayment of 38 weeks.
8. No medical reports were submitted to defendant subsequent to those certain letters of Dr. Richard Rauch and Dr. Larry Young dated 16 November 1992.
9. The only issue before the Commission is whether plaintiff is entitled to additional temporary total disability compensation for the period from 21 June 1992 to the present with plaintiff alleging that defendant terminated her so that she cannot resume her former employment.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On 3 February 1990 while engaged in her employment duties with defendant, plaintiff sustained an accidental injury to her right hand when the mop bucket that plaintiff was lifting slipped causing a pop in her wrist.
2. Plaintiff's compensation rate is $146.47 per week.
3. Plaintiff has not returned to work for defendant since the date of the accident.
4. Dr. J. A. Maultsby released plaintiff with a final diagnoses of sympathetic imbalance and a ten percent permanent partial disability rating for the right arm.
5. Plaintiff continued in treatment with other health care providers including a rehabilitation program following her release by Dr. Maultsby.
6. During the course of her treatment, plaintiff underwent a number of tests, all of which were within normal limits. The last couple of months plaintiff was under the care of Dr. J. A. Maultsby, plaintiff missed a number of therapy sessions. Several prescriptions were written for plaintiff for acute depression, pain and inflammations, plaintiff failed to have about half of the prescriptions filled.
7. Plaintiff reached her point of maximum medical improvement of 19 August 1991. She was released to return to her housekeeping duties with defendant effective 20 August 1991.
8. Plaintiff was released on 19 August 1991 subject to certain restrictions.
9. Plaintiff received and read a copy of the Opinion and Award by John Charles Rush which was filed on 30 October 1992.
10. The Opinion and Award by John Charles Rush granted plaintiff compensation for a ten percent permanent partial disability of the right arm. Plaintiff received compensation commensurate with Deputy Commissioner Rush's Opinion and Award.
11. Plaintiff was working with Goodwill Industries as part of her rehabilitation program at the time that Deputy Commissioner Rush's Opinion and Award was rendered, and she continued her association with Goodwill Industries at least until 17 December 1992.
12. Plaintiff did not contact defendant regarding the availability of a job within her restrictions at any time prior to 16 December 1992 when plaintiff's husband contacted plaintiff's supervisor, Mark Craven.
13. Mark Craven, supervisor of housekeeping for plaintiff, instructed plaintiff by letter dated 9 December 1992 to report to work on 17 December 1992. The letter dated 9 December 1992 from Mr. Craven further informed plaintiff that her failure to report would be deemed a resignation of her job.
14. Plaintiff did not actually report to her supervisor until 18 December 1991. On said date plaintiff was suspended without pay.
15. Former Deputy Commissioner Rush's Opinion and Award was not appealed by either party.
16. Plaintiff's present claim is not based on a change of condition pursuant to N.C.G.S. § 97-47.
17. The Full Commission finds that plaintiff was not disabled and capable of earning an equal or greater wages than in her former position with defendant-employer from 21 June 1992 through the present.
* * * * * * * * * * *
Based upon the finding of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The burden of proving each and every element of compensability is upon plaintiff. Harvey v. Raleigh Police Department, 96 N.C. App. 28,384 S.E.2d 549 cert. denied, 326 N.C. 706,388 S.E.2d 454 (1989).
2. In workers' compensation cases, the employee-plaintiff has the burden of proving existence of her disability as well as the degree of any disability and plaintiff has failed to meet her burden in this case. Hilliard v. Apex Cabinet Co., 305 N.C. 593,290 S.E.2d 682 (1982).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. The plaintiff's claim must, under the law, be and is HEREBY DENIED.
2. Each side shall pay its own costs.
 S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER